## Miller, Appellant, v. Dean.

*Trust and trustees—Married women—Separate use trust—Ratification—Estoppel.*

Where a married woman joins with her husband in executing deeds for lands in which she has a separate use trust, and after the death of her husband accepts payments of a portion of the purchase money, she and her heirs are estopped from asserting title as against the grantees in the deeds from herself and husband, and such acceptance works a ratification and redelivery of the deed.

Argued May 15, 1901. Appeal, No. 162, Jan. T., 1901, by plaintiffs, from judgment of C. P. Fayette Co., Sept. T., 1900, No. 1, on verdict for defendant, in case of Annie H. Miller et al. v. Silas L. Dean et al. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in South Union township.

For the facts see 175 Pa. 599.

The court refused plaintiff's request for binding instructions in their favor.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was refusal of plaintiffs' request.

*Edward Campbell* for appellants.

*H. L. Robinson,* with him *Daniel Sturgeon* and *R. W. Dawson,* for appellees.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

This is a second ejectment by two of the heirs of Ann Miller for an undivided interest in certain land, conveyed by Ann Miller and her husband to the appellees. Former ejectments depending on the same title resulted in judgments for defendants and are reported in 175 Pa. 599 and 618.

The plaintiff's claim is based on the fact that Ann Miller's title being only as cestui que trust in a settlement to her sole and separate use, her deed was voidable at the instance of her heirs. The defense was that after the death of her husband,

Ann Miller had made the title good by receipt of part of the purchase money and other acts of ratification equivalent to a redelivery of the deed. On a case stated the judge so found and his judgment was affirmed in the cases in 175 Pa. supra.

It is now contended by appellants that the case stated in the previous action unadvisedly conceded the facts of the ratification, and that the present case stands on a different footing. To the extent that the case was open for determination on its own evidence this is conceded. But the only difference is that here the question of ratification was for the jury. It was submitted to them, with proper instructions based on the law as laid down in the previous case, and they have found for defendants on that ground. It is not worth while to review the evidence, as the facts it tended to prove are substantially the same as appear in the opinion of the judge on page 610 of the report in 175 Pa. The verdict here therefore established the defendant's title on the same ground as the judgment on the case stated there. There is therefore no real difference in the cases.

Judgment affirmed.